| | |
|---|---|
| 1 | BARBARA A. FITZGERALD, State Bar No. 151038 |
|   | JASON S. MILLS, State Bar No. 225126 |
| 2 | MORGAN, LEWIS & BOCKIUS LLP |
|   | 300 South Grand Avenue |
| 3 | Twenty-Second Floor |
|   | Los Angeles, California  90071-3132 |
| 4 | Telephone:  213.612.2500 |
|   | Facsimile:   213.612.2501 |
| 5 | E-mail:  bfitzgerald@morganlewis.com |
|   | E-mail:  jmills@morganlewis.com |
| 6 | |
| 7 | JENNIFER A. TOMLIN, State Bar No. 261220 |
|   | MORGAN, LEWIS & BOCKIUS LLP |
| 8 | 2 Palo Alto Square |
|   | 3000 El Camino Real, Suite 700 |
| 9 | Palo Alto, California  94306 |
|   | Telephone:  650.843.4000 |
| 10 | Facsimile:   650.843.4001 |
|   | E-mail:  jtomlin@morganlewis.com |
| 11 | |
| 12 | Attorneys for Defendant |
|   | GENERAL DYNAMICS INFORMATION |
|   | TECHNOLOGY, INC. |
| 13 | |
| 14 | *Additional counsel on next page* |

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| JERRY WALDEN and MATTHEW WILLIS, on behalf of themselves, all others similarly situated, | Case No. CV 14-01699 VC |
| Plaintiffs, | **STIPULATION AND [PROPOSED] ORDER TO TRANSFER VENUE TO THE SOUTHERN DISTRICT OF CALIFORNIA UNDER 28 U.S.C. §1404(a)** |
| v. | |
| GENERAL DYNAMICS INFORMATION TECHNOLOGY, INC., a Virginia corporation; and DOES 1-50, inclusive, | |
| Defendants. | |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/ 25153674.2

STIPULATION AND [PROPOSED] ORDER
TRANSFERRING VENUE
CASE NO. CV 14-01699 VC

| | |
|---|---|
| 1 | SHAUN SETAREH, State Bar No. 204514 |
| | ADRIENNE HERRERA, State Bar No. 278640 |
| 2 | SARAH CHRISTENSON, State Bar No. 291548 |
| | SETAREH LAW GROUP |
| 3 | 9454 Wilshire Boulevard, Suite 711 |
| | Beverly Hills, CA 90212 |
| 4 | Tel:  (310) 888-7771 |
| | Fax:  (310) 888-0109 |
| 5 | E-mail:  shaun@setarehlaw.com |
| | E-mail:  adrienne@setarehlaw.com |
| 6 | E-mail:  sarah@setarehlaw.com |
| 7 | Attorneys for Plaintiffs |
| | JERRY WALDEN and MATTHEW WILLIS |
| 8 | on behalf of themselves, all others similarly situated |

Morgan, Lewis &
Bockius LLP
Attorneys At Law
Palo Alto

DB2/ 25153674.2

STIPULATION AND [PROPOSED] ORDER
TRANSFERRING VENUE
CASE NO. CV 14-01699 VC

1  Defendant General Dynamics Information Technology, Inc. ("Defendant") and Plaintiffs
2  Jerry Walden and Matthew Willis ("Plaintiffs"), the parties to the above-entitled action
3  (collectively, the "Parties"), through their respective counsel of record, hereby stipulate as
4  follows:

5  WHEREAS, on or about March 13, 2014, Plaintiffs, on behalf of themselves and all
6  others similarly situated, filed a purported class action in the Superior Court of the State of
7  California for the County of Alameda, entitled *JERRY WALDEN and MATTHEW WILLIS, on*
8  *behalf of themselves, all others similarly situated v. GENERAL DYNAMICS INFORMATION*
9  *TECHNOLOGY, INC., a Virginia corporation; and DOES 1-50, inclusive*, Case Number RG
10  14717315 ("Complaint");

11  WHEREAS, on April 11, 2014, Defendant filed its Answer to Plaintiffs' unverified
12  Complaint and removed the action to the United States District Court for the Northern District of
13  California based on federal question jurisdiction and diversity jurisdiction pursuant to the Class
14  Action Fairness Act of 2005 ("CAFA") and 28 U.S.C. § 1332(d).  *See* ECF Nos. 1, 1-2;

15  WHEREAS, on May 23, 2014, Defendant filed its Motion to Transfer Venue to the United
16  States District Court for the Southern District of California Pursuant to 28 U.S.C. § 1404(a) (the
17  "Motion"), asserting that this case should be transferred to the Southern District of California
18  based on the convenience of the parties and witnesses and in the interests of justice.  *See* ECF No.
19  14;

20  WHEREAS, the Motion is scheduled for hearing on July 24, 2014;

21  WHEREAS, on June 11, 2014, Plaintiffs filed a Notice of Non-Opposition and Statement
22  in Support of Defendant's Motion.  *See* ECF No. 21;

23  WHEREAS, the Parties have met and conferred to discuss the merits of Defendant's
24  Motion and agree that this action should be transferred to the Southern District of California
25  pursuant to 28 U.S.C. § 1404(a);

26  WHEREAS, the Parties stipulate that transfer of this action to the Southern District of
27  California is appropriate because: (1) the Southern District has subject matter jurisdiction over
28  this case under federal question and diversity jurisdiction and the CAFA; (2) Defendant is subject

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/ 25153674.2                                   1                                    STIPULATION AND [PROPOSED] ORDER
                                                                                                   TRANSFERRING VENUE
                                                                                              CASE NO. CV 14-01699 VC

to personal jurisdiction in the Southern District because it conducts business in the Southern District; and (3) venue is proper in the Southern District because Defendant has conducted business in the Southern District throughout all time periods relevant to this action;

WHEREAS, the Parties stipulate that the Southern District is the proper venue for this action for reasons including, but not limited to, the following:

- Neither Plaintiff has resided in the Northern District during any time period relevant to this action;
- The purported conduct that underlies Plaintiffs' allegations occurred "outside the United States" and did not occur in the Northern District;
- The majority of Defendant's employees (including potential witnesses and putative class members) are located in the Southern District, with 269 of Defendant's 517 California employees located in the Southern District, compared to 64 employees in the Northern District;
- Defendant's two largest California offices are located in the Southern District, with 115 of Defendant's employees working at either of Defendant's San Diego or Chula Vista offices, compared to 7 employees working in Defendant's single Northern District office in Santa Clara;
- Lead counsel for all Parties are located in the Central District, which is significantly closer to the Southern District than the Northern District;
- Plaintiff Willis executed the agreement that is subject of this action in San Clemente, California, which is in the southern most part of the Central District, on the border of the Southern District;
- Plaintiff Willis commenced his travel to his overseas work location (where the allegations underlying Plaintiffs' claims occurred) from Orange County, California, which is located in the Southern Division of the Central District and is significantly closer to the Southern District than the Northern District;
- Plaintiff Walden executed the subject agreement in and commenced travel from a location outside of California;

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/ 25153674.2

2

STIPULATION AND [PROPOSED] ORDER TRANSFERRING VENUE
CASE NO. CV 14-01699 VC

- Given Defendant's substantial operations in the Southern District of California relative to other California districts, the Southern District has the most significant "local interest" in the subject controversy;

THEREFORE, the Parties hereby stipulate and agree that:

1. In light of the above factors, the Parties request that this action be transferred in its entirety from the United States District Court for the Northern District of California, San Francisco Division, to the to the United States District Court, Southern District of California, pursuant to 28 U.S.C. § 1404(a).

2. The Parties further request that the Court vacate the July 24, 2014 hearing on Defendant's Motion (as well as the Case Management Conference scheduled for the same day).

IT IS SO STIPULATED.

Dated:  June 18, 2014    SETAREH LAW GROUP

By   */s/ Shaun Setareh (as authorized on 6/18/14)*
       SHAUN SETAREH

Attorneys for Plaintiffs
JERRY WALDEN and MATTHEW WILLIS
on behalf of themselves, all others similarly situated

Dated:  June 19, 2014    MORGAN, LEWIS & BOCKIUS LLP

By   */s/ Jason S. Mills*
       BARBARA A. FITZGERALD
       JASON S. MILLS
       JENNIFER A. TOMLIN

Attorneys for Defendant
GENERAL DYNAMICS INFORMATION TECHNOLOGY, INC.

**FILER ATTESTATION**

Pursuant to L.R. 5-1(i)(3) regarding signatures, I, Jason S. Mills, attest that concurrence in the filing of this document has been obtained from the other signatory.  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 15th day of June, 2014, at Los Angeles.

By:   */s/ Jason S. Mills*
        Jason S. Mills

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
PALO ALTO

DB2/ 25153674.2

3

STIPULATION AND [PROPOSED] ORDER TRANSFERRING VENUE
CASE NO. CV 14-01699 VC

## **ORDER**

For the reasons described in the Parties' Stipulation, and for good cause shown, IT IS HEREBY ORDERED that this action be transferred under 28 U.S.C. § 1404(a) to the United States District Court, Southern District of California.  The hearing on Defendant's Motion to Transfer Venue to the Southern District of California and the Case Management Conference set for July 24, 2014, are vacated.

**IT IS SO ORDERED.**

DATE: June 23, 2014

_____
HONORABLE VINCE CHHABRIA
UNITED STATES DISTRICT JUDGE

Morgan, Lewis &
Bockius LLP
Attorneys At Law
Palo Alto

DB2/ 25153674.2

4

STIPULATION AND [PROPOSED] ORDER
TRANSFERRING VENUE
CASE NO. CV 14-01699 VC