1

2          UNITED STATES DISTRICT COURT

3          SOUTHERN DISTRICT OF CALIFORNIA

4   Jerry Walden, et al.,                           Case No.:  14cv1541-LAB (JLB)
                                 Plaintiffs,
5                                                   **Order Denying Joint Motion To**
    vs.                                             **Modify Briefing and Discovery**
6                                                   **Schedule**
    General Dynamics Information
7   technology, Inc.,
                                 Defendant.         ECF No. 34
8

9          Before the Court is the parties' Joint Motion to Modify Briefing and

10  Discovery Schedule.  (ECF No. 34.)  The parties request an additional 60 days to

11  file any motion for class certification and a five month extension of the deadlines

12  for discovery and pretrial motions.[1]  Although not addressed in the motion, the

13  requested extensions also would require a continuance of every other deadline that

14  remains in this case.  The joint motion is denied as untimely and for failure to set

15  forth good cause for the extensions requested.

16         A case management conference was held in this case on December 19, 2014.

17  The parties represented in their Joint Discovery Plan and during the conference

18  that they had not engaged in any discovery in the nine months that had elapsed

19  ———————————————

20  [1] The parties also seek to modify the briefing schedule for filing opposition and reply papers to the anticipated
    motion for class certification.  However, this order does not address this request because it should be directed to the
    district judge assigned to this case.

                                        1

                                                              14cv1541-LAB (JLB)

1    since the March 13, 2014 filing of the complaint in state court.  At the case

2    management conference, the Court set deadlines and stressed the importance of

3    exercising diligence in meeting those deadlines in light of the procedural history of

4    this case.  A written scheduling order, the case management conference order,

5    issued that same day.  (*See* ECF No. 29.)

6         Rule 16 of the Federal Rules of Civil Procedure governs deadlines and dates

7    set by the court.  The deadlines set in the court's scheduling order "may be

8    modified only for good cause and with the judge's consent."  Fed. R. Civ. P.

9    16(b)(4).  Good cause exists to modify a scheduling order when "it cannot

10   reasonably be met despite the diligence of the party seeking the extension."

11   *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  The

12   focus of the good cause inquiry is "on the moving party's reasons for seeking

13   modification. If that party was not diligent, the inquiry should end."  *Id.*

14        In addition, this Court's Civil Chambers Rules require that "[a]ny motion

15   requesting extensions [of the case management conference order] should be filed

16   **ten calendar days** in advance of the dates and deadlines at issue and shall include

17   a declaration from counsel of record detailing the steps taken to comply with the

18   dates and deadlines set in the order, and the specific reasons why deadlines cannot

19   be met."  *Civil Chambers Rules*, III.C. (emphasis in original).

20

1       Here, the motion is untimely pursuant to this Court's Civil Chambers Rules.

2 The first deadline at issue is Plaintiffs' March 13, 2015 deadline to file their

3 motion for class certification.  Applying this Court's Civil Chambers Rules to this

4 case, any motion to extend the March 13, 2015 deadline should have been filed by

5 March 3, 2015.  The parties filed their joint motion on March 6, 2015.  The motion

6 is silent as to why it was not filed by March 3, 2015.  The motion is denied as

7 untimely.

8       The motion is also denied because the parties failed to set forth good cause

9 for the extensions they request.  This Court's Chambers Rules require that any

10 assertions of good cause for a scheduling extension be supported by "a declaration

11 from counsel of record detailing the steps taken to comply with the dates and

12 deadlines set in the [case management conference] order, and the specific reasons

13 why deadlines cannot be met."  *Civil Chambers Rules*, III.C.  No such declaration

14 was filed, and the body of the motion at issue does not set forth good cause to grant

15 the requested extensions.

16       For example, in the body of the motion, the parties represent that

17 "documents" have been exchanged.  (ECF No. 34.)  The parties also reference a

18 general need for additional discovery and represent that they engaged in a "good

19 faith effort to schedule depositions of key witnesses, including Plaintiffs."  (*Id*.)

20 The parties point to "scheduling conflicts" as posing an obstacle to the parties

14cv1541-LAB (JLB)

1    meeting the deadlines set in this case.  However, the parties do not elaborate

2    further on any of the above representations.  The Court finds that the parties have

3    failed to make any meaningful assertions of fact in support of their motion for this

4    Court to determine whether any deadline in this case "cannot reasonably be met

5    despite the diligence of the part[ies] seeking the extension."  *Johnson*, 975 F.2d at

6    609.  Accordingly, the motion is denied for failure to set forth good cause.

7         In conclusion, and for the reasons stated above, the parties' Joint Motion to

8    Modify Briefing and Discovery Schedule (ECF No. 34) is denied.

9

10   Dated:  March 9, 2015

11                                                      Hon. Jill L. Burkhardt
                                                        United States Magistrate Judge

12

13

14

15

16

17

18

19

20

14cv1541-LAB (JLB)